IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| FLOYD FOSHEE | § | |
| VS. | § | CIVIL ACTION NO. 1:20-cv-426 |
| GEO GROUP, INC., ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Floyd Foshee, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against several defendants.[1]  This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

On July 20, 2020, Plaintiff was incarcerated at the Beaumont Transitional Center.  He alleges that after he returned from an approved visit to the Family Dollar Store, his purchases, which were authorized under the Center's rules, were confiscated by Defendant Allison Redeaux.  Plaintiff states he had purchased ice cream, vitamins and aspirin.  Plaintiff asserts Defendant Redeaux failed to provide him with documentation regarding the confiscation.  She told Plaintiff her supervisor, Defendant Briscoe, would provide him with documentation at a later time.  Plaintiff states Defendant Redeaux ate part of his ice cream and gave some to Defendant Dixon.

Plaintiff further states he filed a grievance in accordance with applicable rules.  He contends he did not receive a response to the grievance.  Plaintiff states he subsequently received a document regarding the confiscation from Defendant Briscoe.  He alleges Defendant Redeaux forged his signature on the document.

---

[1]    Attached to the Complaint is a form indicating the Center is operated pursuant to a contract with the Texas Department of Criminal Justice (Doc. #1, p.2.).

Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court shall dismiss a complaint filed by a prisoner seeking redress from a governmental entity or an officer or employee of a governmental entity, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." A complaint may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not contain detailed factual allegations, the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Id*. at 555.

Analysis

*Confiscation of Property*

Plaintiff alleges Defendant Redeaux improperly confiscated his purchases. However, deprivations of property by officials, whether intentional or as a result of negligence, do not violate the Due Process Clause so long as an adequate post-deprivation remedy exists. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivations of property); *Parratt v. Taylor*, 451 U.S. 527, 543 (1981) (negligent deprivations of property). However, post-deprivation remedies "do not satisfy due process where a deprivation of property is caused by conduct pursuant to established state procedure, rather than random and unauthorized action." *Hudson*, 468 U.S. at 532.

Plaintiff alleges that the purchases Defendant Redeaux confiscated were authorized by the Center's rules. As a result, Plaintiff is not alleging Defendant Redeaux was acting in accordance with established procedure. The confiscation of Plaintiff's property therefore did not violate his right to due process because the Texas tort of conversion provides an adequate post-deprivation remedy. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). Plaintiff's allegations regarding the confiscation of his property therefore fail to state a claim upon which relief may be granted.

*Actions Regarding Grievances*

Plaintiff also complains that he did not receive a response to his grievance. However, inmates do not have a constitutionally protected liberty interest in having grievances resolved or processed to their satisfaction. *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). As a result, Plaintiff's allegations regarding his grievance fail to state a claim upon which relief may be granted.

<u>Recommendation</u>

This civil rights lawsuit should be dismissed for failure to state a claim upon which relief may be granted.

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions which are accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 18th day of November, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE